**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LISA R. LACER, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>Commissioner of Social Security, )<br>)<br>　　　　Defendant. ) | No. 4:19 CV 969 DDN |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Lisa R. Lacer for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 23.) For the reasons set forth below, attorney's fees in the sum of $3,107.32, less any offset to satisfy pre-existing debt plaintiff may owe the United States, are ordered.

## BACKGROUND

Plaintiff Lacer applied for disability benefits under Titles II and XVI of the Social Security Act. The application was initially denied on October 5, 2016. On administrative review, on October 3, 2018, an Administrative Law Judge found that plaintiff was not disabled under the Act. The ALJ's decision became the final decision of the Commissioner of Social Security on March 3, 2019. On judicial review under 42 U.S.C. § 405(g), the Court reversed the final decision of the Commissioner and remanded the case for reconsideration of plaintiff's application with consideration of plaintiff's advanced age.

## DISCUSSION

Plaintiff's attorney, Donald L. Kohl, argues that he is entitled to an award of attorney fees in the amount totaling $3,170.32, under the EAJA. Defendant has no objection.

In support of plaintiff's motion, counsel attached an itemized statement of hours of work performed by counsel before this Court on plaintiff's behalf, including preparation of the instant motion, supporting memoranda, and documentation, totalling 15.3 hours of legal services. (Doc.

1

23, Ex. 1.) Counsel further argues that the case was completed in a timely and efficient manner. (*Id*.)

> Under the EAJA,
>
> a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless that court finds that the position of the United States was substantially justified or that special circumstances make the award unjust.

28 U.S.C. § 2413(d)(1)(A).  Attorney's fees shall not be awarded in excess of $125.00 per hour in most cases.  *Id*. at (d)(2)(A).  Here counsel calculated a total of 15.3 hours of legal services at an hourly rate of $207.17 in 2019 and $207.94 in 2020.  The Court finds the claimed fee is fair and reasonable, because the component amounts are within the EAJA's cost of living escalator which reflects changes in the value of money from the time the statutory rate was last raised by Congress.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff for attorney's fees (Doc. 23) **is sustained, in that the Social Security Administration must pay as attorney's fees the sum of $3,107.32, less any offset to satisfy any pre-existing debt plaintiff may owe the United States.**

**IT IS FURTHER ORDERED** that the award shall be made payable to the plaintiff, unless the plaintiff does not owe a debt to the government, in which case it shall be made payable to Donald L. Kohl, Esq., of Shea and Kohl law firm, attorney for the plaintiff, 400 N. Fifth Street Suite 200, St. Charles, MO 63301-2806.

                                            **/s/ David D. Noce**
                                      **UNITED STATES MAGISTRATE JUDGE**

Signed on September 1, 2020.